# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01247-NRN

BEHAVIOR ANALYST CERTIFICATION
BOARD, INC.,

Plaintiff,

v.

MICHAEL MOATES, AN INDIVIDUAL;
MISTY KIESCHNICK, AN INDIVIDUAL;
LARRY KIESCHNICK, AN INDIVIDUAL;
AND THE GLOBAL INSTITUTE OF
BEHAVIORAL PRACTITIONERS AND EXAMINERS,

Defendants.

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendants, Michael Moates, Misty Kieschnick, Larry Kieschnick and The Global Institute of Behavioral Practitioners and Examiners, pursuant to Fed. R. Civ. P. 12(b)(2) and applicable law, move this court for an Order dismissing this case for lack of personal jurisdiction over defendants. As grounds thereof, defendants submit the following:

1.    As alleged in the Complaint, defendants are citizens of Texas and drafted and sent a letter to various political leaders in Washington, D.C. regarding

the business practices of plaintiff.[1] The defendants do not satisfy the constitutionally required "minimum contacts" with Colorado for this court to exercise personal jurisdiction over them. Indeed, the only connection with Colorado is plaintiff alleges they suffered damages here because of the letter. Pursuant to long-standing precedent, such allegations are insufficient to establish the constitutionally required "minimum contacts" with Colorado. Therefore, the Complaint must be dismissed.

## FACTS

2. In the Complaint, plaintiff alleges the individual defendants are citizens of Texas. (Doc. 1-2 at ¶9, 11-12).

3. Plaintiff alleges the corporate defendant, The Global Institute of Behavioral Practitioners and Examiners, has a principal place of business in Texas. (Doc. 1-2 at ¶10).

4. Plaintiff alleges that defendants authorized and mailed a letter to various political leaders and organizations in Washington, D.C., a Commissioner of the United Nations in Switzerland, and a disability advocate in Texas. (Doc. 1-2 at ¶29).

5. Plaintiff alleges that plaintiff Michael Moates is licensed by the Department of Health Professionals in Virginia. (Doc. 1-2 at ¶15).

---

[1] Defendants deny the letter is defamatory although concede the court must accept as true the factual allegations in the Complaint for purposes of a Motion to Dismiss. Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit, 507 U.S. 163, 164 (1993).

6. Plaintiff concedes that defendants are not members of the plaintiff organization, Behavior Analyst Certification Board, Inc., located in Colorado. (Doc. 1-2 at ¶16).

7. Plaintiff does not allege that the defendants conducted any business or personal activities in Colorado giving rise to plaintiff's claims. Indeed, the defendants conduct no business or personal activities in Colorado. *See*, Affidavit of Michael Moates.

8. Plaintiff does not allege that the defendants wrote, composed, or disseminated the allegedly defamatory letter in Colorado. The defendants did not disseminate the letter in Colorado other than sending a copy to plaintiff's counsel. *See*, Affidavit of Michael Moates.

9. Plaintiff's only jurisdictional allegation is that they suffered an injury in Colorado. (Doc. 1-2 at ¶14).

## LAW

10. The due process clause of the 14th Amendment requires a defendant to have certain "minimum contacts" with the forum state so as not to offend the "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945).

11. Whether a forum state may assert jurisdiction over a nonresident defendant "focuses on 'the relationship among the defendant, the forum, and the

litigation.'" Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775 (1984) (quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977)). To satisfy due process, a defendant's suit-related conduct must create a "substantial connection" with the forum state. Walden v. Fiore, 571 U.S. 277, 283–84 (2014).

12. However significant the *plaintiff's* contacts are with the forum state and the convenience of the *plaintiff* to litigate in the forum state, the relevant inquiry is if the *defendant* reached into the forum state with significant enough contacts to establish that they should be subject to suit there. Id. at 285.

13. Examples of "minimum contacts" establishing a "substantial connection" with the forum state include entering a contractual relationship that "envisioned continuing and wide-reaching contacts" in the forum state (Burger King Corp. v. Rudzewicz, 471 U.S. 462, 480 (1985)); sending out magazines to the forum state to "deliberately exploi[t]" a market in in that state (Keeton v. Hustler Mag., Inc., 465 U.S. 770, 781 (1984)); and delivery of substantial goods into a forum state wherein the delivery is not an isolated sale (World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 298 (1980), *citing to*, Gray v. Am. Radiator & Standard Sanitary Corp., 176 N.E.2d 761, 766 (Ill. 1961)).

14. An allegation that the plaintiff suffered an injury in the forum state is insufficient by itself to subject a defendant to personal jurisdiction in the forum state. Walden 571 U.S. at 289. "The proper question is not where the plaintiff experienced

a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." Id. at 290.

15. When a plaintiff alleges a claim for libel or defamation, a defendant must have "deliberately" availed himself of "minimum contacts" within the forum state for personal jurisdiction to attach. Keeton, 465 U.S. at 781.

16. In Keeton, the plaintiff alleged that defendant committed libel against plaintiff in five (5) separate issues of defendant's publication. Id. at 772. Defendant circulated between 10,000 to 15,000 copies of each publication within the forum state of New Hampshire. Id. The court found that by circulating the magazines in New Hampshire, the defendant "purposefully" directed itself to the forum state and such contacts were not "random, isolated or fortuitous". Id. at 774. Therefore, suit in New Hampshire satisfied the requirement of due process. Id. at 776-777 ("The tort of libel is generally held to occur wherever the offending material is circulated.").

17. In Calder v. Jones, the defendant wrote and published an article in the National Enquirer libeling plaintiff. 465 U.S. 783 (1984). Defendant was a resident of Florida, but the lawsuit was filed in California. Id. at 785. Holding that the defendant had sufficient "minimum contacts" with California, the court noted that 600,000 copies of the offending article were distributed in California (twice any state in the country); the defendants knew the article would be published and widely

5

circulated in California; and that plaintiff's professional reputation would be injured in California. Id. at 789-790.

18. The 10th Circuit has affirmed that the mere allegation that an out-of-state defendant harmed a forum state resident is not enough to meet the constitutionally required "minimum contacts":

> Our review of these post-Calder decisions indicates that the mere allegation that an out-of-state defendant has tortiously interfered with contractual rights or has committed other business torts that have allegedly injured a forum resident does not necessarily establish that the defendant possesses the constitutionally required minimum contacts. Far W. Cap., Inc. v. Towne, 46 F.3d 1071, 1079 (10th Cir. 1995).

19. Further, phone calls and letters into a forum state are not necessarily sufficient in themselves to establish "minimum contacts". Id. at 1077, *citing to*, Continental American Corp. v. Camera Controls Corp., 692 F.2d 1309, 1314 (10th Cir.1982). The operation of a web site that reaches forum state residents also cannot establish personal jurisdiction in the forum state even when the website posts defamatory statements. Shrader v. Biddinger, 633 F.3d 1235, 1244 (10th Cir. 2011).

## ARGUMENT

20. Plaintiff has alleged that citizens of Texas are subject to personal jurisdiction in Colorado based on sending a letter to persons in Washington, D.C., Virginia, Switzerland, and Texas. Plaintiff has made no allegation that establishes defendants had the constitutionally required "minimum contacts" with Colorado. *See*, Int'l Shoe Co., 326 U.S. at 316.

21.     Defendant has not "deliberately" directed any allegedly defamatory statements targeting citizens in Colorado. *See*, Keeton, 465 U.S. at 781. In stark contrast to the defendants in Keeton and Calder where tens of thousands of defamatory materials were deliberately directed and disseminated into the forum state, the defendants have not directed any allegedly defamatory statements to persons in Colorado. *See*, Keeton, 465 U.S. at 781; Calder, 465 U.S. at 789-790.

22.     For plaintiff to establish "minimum contacts" and a "substantial connection" to Colorado, they cannot allege a random or fortuitous letter or phone call, but rather they must establish a concerted, deliberate, and purposeful effort to engage itself in activities in Colorado. *See*, Keeton, 465 U.S. at 774. The allegation of an injury suffered in Colorado is not enough to subject defendants to personal jurisdiction here. *See*, Far W. Cap., 46 F.3d at 1079. The allegations of defamatory statements on a website (even though the Complaint fails to allege the nature of the defamatory statements) are not enough. *See*, Shrader, 633 F.3d at 1244.

23.     Defendants submit this case must be dismissed for lack of personal jurisdiction as the defendants do not have the required "minimum contacts" and "substantial connection" with Colorado.

WHEREFORE, defendants move for an Order dismissing this case pursuant to Fed. R. Civ. P. 12(b)(2) and whatever other relief this court deems appropriate.

DATED: May 26, 2022.

                                              Respectfully submitted,

                                              */s/ Martin J. Champagne, Jr.*
                                              Martin J. Champagne, Jr., #46554
                                              CHAMPAGNE LAW FIRM, LLC
                                              1626 N. Washington St.
                                              Denver, CO 80202
                                              (303) 625-4038 (phone)
                                              (303) 845-9097 (facsimile)
                                              mjc@champagne-law.com

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on May 26, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and sent the foregoing by email to the below named Service List.

                */s/ Martin J. Champagne, Jr.*
                Martin J. Champagne, Jr.

Service List:
Mark L. Sabey
Lindsay K. McManus
Hall, Render, Killian, Heath & Lyman, P.C.
999 17th Street, Suite 800
Denver, CO 80202
marksabey@hallrender.com
lmcmanus@hallrender.com