IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01247-NRN

BEHAVIOR ANALYST CERTIFICATION
BOARD, INC.,

Plaintiff,

v.

MICHAEL MOATES, an individual;
MISTY KIESCHNICK, an individual; and
THE GLOBAL INSTITUTE OF
BEHAVIORAL PRACTITIONERS AND
EXAMINERS,

Defendants.

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION

Defendants, Michael Moates, Misty Kieschnick and The Global Institute of Behavioral Practitioners and Examiners ("GIBPE"), pursuant to D.C.COLO.LCivR 7.1(d) files their Reply to Plaintiff's Response to Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction and submits as follows:

1. The plaintiff's Response is a wide-ranging missive casting aspersions on defendants that fail to establish this court has jurisdiction over defendants. These include that defendant Moates is a member of an unrelated Texas based organization

("Qualified Behavioral Scientists Without Borders")(¶10 of Response); Moates filed two lawsuits in Texas (¶14, 15 of Response); Moates sent emails to plaintiff (¶12 of Response); Moates' mother made a comment on the Virginia Medical Board website (¶4 of Response); Moates was once a member of the plaintiff organization (¶3 of Response); and the defendant GIBPE's inclusion of a registry of unaffiliated behavioral health professionals on their website is an "attempt to create a false appearance of legitimacy" (¶8 of Response).

2. The goal of the plaintiff's Complaint, and now its Amended Complaint, is to silence political speech of these Texas defendants regarding legitimate concern over an issue of public importance. Indeed, the crux of the Amended Complaint is the detailed and exhaustively sourced letter sent to several political representatives expressing concern over the plaintiff's business practices. (Doc. 21-8).

3. To this end, plaintiff, a corporation with 91-employees, two-buildings in Littleton and a national presence (¶1 of Response), is determined to assert jurisdiction over these Texas defendants in this court to make it as costly and difficult as possible for defendants to defend themselves - almost 1,000 miles away from where any conduct giving rise to any alleged claim occurred. "[F]air play", "substantial justice" and the Constitution require that this court dismiss this case for lack of personal jurisdiction over these Texas defendants.

4.     The cases submitted by plaintiff to support its argument that this court has jurisdiction over defendants are distinguishable. <u>Parocha</u> involved jurisdiction over an out-of-state husband for a civil protection order when the husband "repeatedly" made threats to his in-state wife. 418 P.3d 523, 525 (Colo. 2018). The court held that the cause of action, a request for a civil protection order, flowed directly from the acts complained of and noted Colorado's "strong interest in protecting victims of domestic abuse in the state[.]" <u>Id</u>.

5.     The Amended Complaint in the instant case does not allege acts wherein defendants reached into Colorado to commit a tort. Indeed, the claims are that defendants wrote a letter which was sent to political representatives (none in Colorado) and violated a trademark through a publication on defendant's Texas-based website.

6.     None of the claims allege an act committed in Colorado or specifically directed toward Colorado residents. While plaintiff generally alleges defendants targeted Colorado residents, it fails to identify in their Response or the Amended Complaint this targeting with any specificity. There is no distinction of how defendants target Colorado residents as opposed to residents of any other state. While the plaintiff alleges that they sustained damages in Colorado, such an allegation is insufficient to confer personal jurisdiction over defendants. *See*, <u>Shrader v. Biddinger</u>, 633 F.3d 1235, 1244 (10th Cir. 2011)("[T]he plaintiff's residence in

the forum, and suffering of harm there, will not alone support jurisdiction under Calder."), *citing to*, Revell v. Lidov, 317 F.3d 467, 473 (5th Cir. 2002).

7. In their Response, plaintiff cites to Dudnikov v. Chalk & Vermilion Fine Arts, Inc. for the proposition that a tort committed out-of-state causing harm to a forum state resident confers personal jurisdiction in the forum state. Plaintiff's reliance on Dudnikov is misplaced.

8. In Dudnikov, the defendant intentionally interfered with plaintiff's copyright when it sent a notice of copyright infringement to eBay in California for the purpose of terminating plaintiff's auctions on eBay. 514 F.3d 1063, 1073 (10th Cir. 2008). Dudnikov is distinguishable from the instant case as it was not a defamation claim wherein courts have held that a defendant must direct the defamatory statements to in-state residents with some substantiality. *See*, Keeton v. Hustler Mag., Inc., 465 U.S. 770, 781 (1984) (sending 10,000 – 15,000 copies of defamatory material to the forum state); Calder v. Jones, 465 U.S. 783, 789-790 (1984) (sending 600,000 copies of defamatory material to forum state).

9. To the extent Dudnikov found the defendant was subject to jurisdiction in Colorado for a claim of copyright infringement, the case stands for the proposition that a defendant will be subject to jurisdiction in the forum when a defendant intentionally and tortiously interferes with a plaintiff's business located in the forum state. Dudnikov, 514 F.3d at 1073. The defendant in Dudnikov undertook a series of

deliberate and concerted acts to tortiously interfere with plaintiff's business (sending a notice of infringement to eBay knowing the notice would result in cancellation of the plaintiff's eBay auctions damaging plaintiff's business while defendant had full knowledge of the specifics of the programs involved and what would happen when they sent the notice). Id.

10. In the instant case, the plaintiff alleges defendant made an infringing post on the defendant's website. While plaintiff alleges several labels and conclusory allegations, plaintiff fails to allege in any meaningful way a series of tortious acts like what occurred in Dudnikov. *See*, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do).

11. Plaintiff does not allege that any such infringement occurred in Colorado or Colorado was the focal point of the infringement, only that the damages were suffered in Colorado. Indeed, the defendants' activities are confined to Texas. *See*, Affidavit of Michael Moates dated June 30, 2022 (Doc. 22-1); Affidavit of Michael Moates dated May 26, 2022 (Doc. 18-1).

12. Significantly, in Dudnikov, Judge Gorsuch (now Justice Gorsuch) articulated a "more restrictive" approach to analyzing the issue of personal jurisdiction conferred upon a defendant for targeting forum residents:

> Some courts have held that the "expressly aimed" portion of Calder is satisfied when the defendant "individually target[s] a known forum resident." We have taken a somewhat more restrictive approach, holding that the forum state itself must be the "focal point of the tort." 514 F.3d 1063, 1075 n. 9.

Subsequently, the 10th Circuit further amplified that to confer jurisdiction on an out-of-state defendant, the tortious activity must be:

> …directed specifically at a forum state audience or otherwise make the forum state the focal point of the message. Shrader, 633 F.3d at 1244.

The court went on to hold:

> As noted earlier, merely posting information on the internet does not, in itself, subject the poster to personal jurisdiction wherever that information may be accessed. This principle has particular salience for defamation cases: "Posting on the internet from [outside the forum state] an allegedly defamatory statement [about a forum resident] ... does not create the type of substantial connection between [the poster] and [the forum state] necessary to confer specific personal jurisdiction." Id., *citing to*, Johnson v. Arden, 614 F.3d 785, 797 (8th Cir. 2010)

13. Plaintiff does not, and cannot, allege in the Amended Complaint that Colorado was the "focal point" of the defendants' alleged tortious conduct. Nor does plaintiff allege with any specificity that the alleged tortious conduct was specifically directed to Colorado residents. In their Response, plaintiff alleges that they have 4,528 certificants in Colorado "who will likely encounter Defendants' defamatory statements should they conduct a simple Google search." ¶16 of Response. This falls far short of the "restrictive" approach of the 10th Circuit that the tortious conduct must be "directed specifically at a forum state audience or otherwise make the forum state the focal point of the message." Shrader, 633 F.3d at 1244.

14. In a case with similar allegations and facts to the instant case, this court held that a copyright infringement claim did not confer personal jurisdiction over a defendant when the plaintiff suffered damages in the forum state. Allison v. Wise, 621 F. Supp. 2d 1114, 1121 (D. Colo. 2007). In Allison, the plaintiff alleged that a website owned by defendant violated plaintiff's copyright. Id. at 1118. The defendant owned and operated the website in Ohio. Id. Defendant never advertised the websites in any newspaper, magazine, or other media distributed in Colorado. Id. Defendant never resided, owned real property, held a bank account, or paid taxes in Colorado. Id. This court held that based on these facts, the court did not have personal jurisdiction over defendant:

> In sum, the First Amended Complaint evidences nothing more than that the economic impact of [defendant's] alleged copyright infringement is felt by plaintiff here in Colorado. Such a circumstance is based on the mere fortuity that plaintiff happens to reside here, and is patently insufficient to permit the assumption of personal jurisdiction over [defendant] in this forum. Id. at 1121 (internal citations omitted).

15. The defendants in the instant case similarly have not engaged in such activities and do not have such minimum contacts in Colorado. *See*, Affidavit of Michael Moates dated June 30, 2022 (Doc. 22-1); Affidavit of Michael Moates dated May 26, 2022 (Doc. 18-1). The plaintiff's argument for personal jurisdiction over defendants for the infringement claim is solely predicated on the allegation that the economic impact was suffered in Colorado. P. 15 of Response. Such an allegation is

insufficient to establish personal jurisdiction over these defendants. *See*, Allison, 621 F. Supp. 2d at 1121.

16. In the Response, plaintiff alleges that emails sent by defendants to plaintiff satisfies the "minimum contacts" requirements for personal jurisdiction. ¶12, 13 of Response. The plaintiff does not allege the emails are themselves tortious conduct but rather evidence of defendants' "minimum contacts" with Colorado. Id. However, as the 10th Circuit recently held:

> Under Calder's second prong, a defendant's allegedly tortious actions must be "expressly aimed" at the forum state. In determining whether a defendant expressly aimed his conduct at the forum state, "a plaintiff's contacts with the defendant and forum" cannot "drive the jurisdictional analysis." Rather, the forum state must be the "focal point" of the defendant's tortious conduct. Stated differently, "the defendant's conduct [must] connect[ ] him to the forum in a meaningful way." Eighteen Seventy, LP v. Jayson, 32 F.4th 956, 968–69 (10th Cir. 2022)(internal citations omitted).

As the Jayson court noted, "the forum state itself must be the 'focal point of the tort.'". Id. at 979, *citing to*, Dudnikov 514 F.3d 1063, 1075 n. 9.

17. The emails do not in any way form the basis of any claim against these defendants. Therefore, the emails are insufficient to establish personal jurisdiction over defendants. *See,* OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1090–91 (10th Cir. 1998)(specific jurisdiction over a nonresident requires that "defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities.").

18. Plaintiff argues that this court can exercise general jurisdiction over defendants based on 3-internet sales, emails to plaintiff related to litigation with plaintiff, a post on a website about practicing in multiple states, and an expired membership with plaintiff's organization. P. 11, 12 of Response. To assert general jurisdiction over a defendant, a defendant's connections with the forum state must be "so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011).

19. As the U.S. Supreme Court recently held, a court's exercise of general jurisdiction over an out-of-state defendant is confined to those "limited" instances where a defendant is "at home" in the forum state:

> Accordingly, the inquiry under Goodyear is not whether a foreign corporation's in-forum contacts can be said to be in some sense "continuous and systematic," it is whether that corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." Daimler AG v. Bauman, 571 U.S. 117, 138–39 (2014), *citing to*, Goodyear, 564 U.S. at 919.

*See also*, Magill v. Ford Motor Co., 379 P.3d 1033, 1037 (Colo. 2016)("A nonresident defendant's contacts with the state will rarely justify exercising general jurisdiction.").

20. The types of sporadic connections alleged by plaintiff in this case are woefully inadequate to establish a "continuous and systematic" connection with Colorado that would make defendants "at home" in this state. *See*, Benton v. Cameco

Corp., 375 F.3d 1070, 1081 (10th Cir. 2004)(two dozen transactions taking place over 8-years are not sufficient to meet the "high burden" that defendant is subject to general jurisdiction in Colorado). There is simply no basis to assert general jurisdiction over defendants in this case. *See*, Daimler AG, 571 U.S. at 138–39; Goodyear, 564 U.S. at 919.

21.     Finally, in the Response, the plaintiff includes a request for discovery regarding the jurisdictional issues. P. 17 of Response. A plaintiff must present factual allegations with "reasonable particularity" of the possible existence of requisite minimum contacts before a court should permit jurisdictional discovery. *See*, Reg'l Airline Mgmt. Sys., Inc. v. Airports USA, Inc., 2007 WL 1059012, at *6 (D. Colo. Apr. 4, 2007)(unreported opinion). Courts are reluctant to allow a plaintiff the opportunity to conduct discovery in search of the facts necessary to support the exercise of personal jurisdiction when plaintiff's allegations are insufficient to make out a prima facie case of jurisdiction. Id. at *7, *citing to*, Stutts v. The De Dietrich Group, 465 F.Supp.2d 156, 169 (E.D.N.Y.2006). Plaintiff fails in any way to demonstrate with particularity the possible existence of the jurisdictional facts that it is contends would support its position. Therefore, this request should be denied in the court's exercise of its broad discretion on this matter. *See*, Budde v. Ling Temco Vought, Inc., 511 F.2d 1033, 1035 (10th Cir.1975).

22. This court should therefore dismiss this case for lack of personal jurisdiction over these Texas defendants.

DATED: August 4, 2022.

                                                Respectfully submitted,

                                                */s/ Martin J. Champagne, Jr.*
                                                Martin J. Champagne, Jr., #46554
                                                CHAMPAGNE LAW FIRM, LLC
                                                1626 N. Washington St.
                                                Denver, CO 80202
                                                (303) 625-4038 (phone)
                                                (303) 845-9097 (facsimile)
                                                mjc@champagne-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 4, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and sent the foregoing by email to the below named Service List.

                                                */s/ Martin J. Champagne, Jr.*
                                                Martin J. Champagne, Jr.

Service List:
Mark L. Sabey
Lindsay K. McManus
Hall, Render, Killian, Heath & Lyman, P.C.
999 17th Street, Suite 800
Denver, CO 80202
marksabey@hallrender.com
lmcmanus@hallrender.com