IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01247-NRN

BEHAVIOR ANALYST CERTIFICATION BOARD, INC.,

      Plaintiff,

v.

MICHAEL MOATES, an individual;
MISTY KIESCHNICK, an individual; and
THE GLOBAL INSTITUTE OF BEHAVIORAL PRACTITIONERS AND EXAMINERS.

      Defendants.

**STATEMENT REGARDING TRANSFER OF JURISDICTION ISSUE**

Plaintiff, the Behavior Analyst Certification Board, Inc. ("the BACB"), by and through its attorneys, Hall, Render, Killian, Heath & Lyman, P.C., respectfully submits this Statement Regarding Transfer of Jurisdiction Issue and, as such, states the following:

In conjunction with the hearing held last week on the issue of jurisdiction, BACB has come to better understand the intent and meaning behind the constitutional specific jurisdiction test as interpreted by the 10th Circuit. As BACB's counsel argued at the hearing, that test can be concisely stated as follows:

1.     The defendant had notice that the plaintiff's relevant business activities were anchored or centered in the forum state, and

2.     The defendant acted with the allegedly tortious intent to disrupt or impair those forum-based activities.

See, *Eighteen Seventy, LP v. Jayson*, 32 F.4th 956, 972-73 (10th Cir. 2022) (summarizing the holdings of *Dudnikov* and *Newsome* cases).

Because BACB has little knowledge about whether Ms. Keischnik had notice that BACB's relevant business activities were centered in Colorado and because her actions toward BACB were minimal, BACB will file a motion to dismiss without prejudice the claim against Ms. Keischnik in order to simplify the jurisdictional analysis.

BACB is concerned about agreeing to a transfer of this case to Texas for the following reasons:

1. Contrary to opposing counsel's argument that there was only one significant publication at issue, the Complaint references multiple publications. Although a full listing and detailed description is not necessary at this stage of the proceedings, Exhibit A submitted herewith is a listing of some of the publications by Moates and his organization of which BACB is currently aware—publications posted on the internet with nationwide availability and subject to reposting by others—which include the defamatory statements outlined in the Amended Complaint. Copies of these documents can be provided upon request.

2. The tortious actions of Mr. Moates and his alter-ego organization meet the test for jurisdiction in Colorado. If this case does not satisfy that burden, there will be virtually no long arm jurisdiction over internet and email based tortious conduct.

3. BACB feels very strongly that it should have a remedy in Colorado for such intentionally tortious conduct targeting BACB's Colorado-based credentialing activities and seeking to destroy the reputation of a Colorado-centered company.

Therefore, if this Court finds that there is no jurisdiction in Colorado, BACB will agree to a transfer of jurisdiction to Texas only if that order is stayed temporarily to permit BACB to file a F.R.A.P. Rule 21 petition to the 10th Circuit Court of Appeals before the transfer order takes effect.

Respectfully submitted this 30th day of August, 2022.

HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.

*s/ Mark L. Sabey*
Mark L. Sabey
Lindsay K. McManus
999 17th Street, Suite 800, Denver, CO 80202
(303) 801-3538 / marksabey@hallrender.com
(303) 802-1293 / lmcmanus@hallrender.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 30, 2022, a true and correct copy of the foregoing was served via CM/ECF with electronic service upon the following:

Martin J. Champagne, Jr.
CHAMPAGNE LAW FIRM, LLC
1626 N. Washington St.
Denver, CO 80202
mjc@champagne-law.com
*Attorney for Defendants*

*s/ Crystal J. Sebastiani*
Crystal J. Sebastiani, Paralegal